IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LARRY HITE AND ELIZABETH HITE,           )
                                         )
            Plaintiffs,                  )    2:09-cv-02884-GEB-GGH
                                         )
      v.                                 )    ORDER DISMISSING PLAINTIFFS'
                                         )    FEDERAL CLAIMS AND DECLINING
WACHOVIA MORTGAGE; WORLD SAVINGS         )    TO EXERCISE SUPPLEMENTAL
BANK FSB; PELLETIER FINANCE INC.         )    JURISDICTION OVER PLAINTIFFS'
DBA AMERICAN PREMIUM MORTGAGE;           )    REMAINING STATE LAW CLAIMS*
JEFFREY ALAN PELLETIER; PAMELA K.        )
SUMMERS,                                 )
                                         )
            Defendants.                  )
_____)

        Defendant Wachovia Mortgage ("Wachovia") filed a motion

under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs'

first amended complaint, and under Federal Rule of Civil Procedure

12(f) to strike certain portions of Plaintiffs' complaint.  (Docket

Nos. 18, 20.)  Wachovia attacks the sufficiency of Plaintiffs' claims

and also argues Plaintiffs' state law claims are preempted by the Home

Owners Loan Act ("HOLA") and regulations issued thereunder by the

Office of Thrift Supervision.  Defendants Pelletier Finance Inc.

("Pelletier Finance") and Jeffrey Pelletier also filed a dismissal

_____

        *   This matter is deemed to be suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

motion and, in the alternative, they seek a more definite statement
under Federal Rule of Civil Procedure 12(e).  (Docket No. 21.)
Plaintiffs oppose each dismissal motion.[1]  For the reasons stated
below, Plaintiffs' federal claims are dismissed with prejudice and
Plaintiffs' state law claims are dismissed without prejudice under 28
U.S.C. § 1367(c)(3).  Since the court declines to exercise
supplemental jurisdiction over Plaintiffs' state law claims,
Wachovia's preemption arguments are not reached.

## I.  LEGAL STANDARD

        "A Rule 12(b)(6) motion tests the legal sufficiency of a
claim."  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001).  A
pleading must contain "a short and plain statement of the claim
showing that the pleader is entitled to relief . . . ."  Fed. R. Civ.
P. 8(a)(2).  The complaint must "give the defendant fair notice of
what the [plaintiff's] claim is and the grounds upon which relief
rests . . . ."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555
(2007).  Further, "[a] pleading that offers labels and conclusions or
a formulaic recitation of the elements of a cause of action will not
do.  Nor does a complaint suffice if it tenders naked assertions
devoid of further factual enhancement."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct.
1937, 1949 (2009).

        However, to avoid dismissal, the plaintiff must allege "only
enough facts to state a claim to relief that is plausible on its
face."  <u>Twombly</u>, 550 U.S. at 547.  "A claim has facial plausibility
when the plaintiff pleads factual content that allows the court to

---

        [1]  Plaintiffs' opposition briefs were filed late, which indicates
Plaintiffs' disregard of Local Rule 230(c) which prescribes when an
opposition brief must be filed to be timely.  Plaintiffs risk being
sanctioned for failure to comply with a Local Rule.

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  Plausibility, however, requires more than "a sheer possibility that a defendant has acted unlawfully." Id.  "When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (quotations and citation omitted).

In evaluating a dismissal motion under Rule 12(b)(6), the court "accept[s] as true all facts alleged in the complaint, and draw[s] all reasonable inferences in favor of the plaintiff." Al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Iqbal, 129 S. Ct. at 1949-50.

Defendant Wachovia's dismissal motion is accompanied by a request that the court consider certain documents which are not part of Plaintiffs' first amended complaint.  These documents include four documents related to Wachovia's name change from World Savings Bank, FSB ("World Savings") and its former status as a federal savings bank and four documents related to Plaintiffs' loan transaction. (Wachovia's Request for Judicial Notice ("RJN") Exs. A-G.)

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quotations and citation omitted).  There are, however, two exceptions to this general rule: the "incorporation by reference" doctrine and matters which are judicially noticed.  Id.  The "incorporation by reference" doctrine permits a district court "to take into account documents whose contents are alleged in a complaint and whose

authenticity no party questions, but which are not physically attached
to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076
(9th Cir. 2005) (quotations and citations omitted).  This doctrine is
also applicable "to situations in which the plaintiff's claim depends
on the contents of a document, the defendant attaches the document to
its motion to dismiss, and the parties do not dispute the authenticity
of the document, even though the plaintiff does not explicitly allege
the contents of that document in the complaint." Id. (quotations and
citations omitted).  A document can be "incorporated by reference"
into a complaint only if: "(1) the complaint refers to the document;
(2) the document is central to plaintiff's claim; and (3) no party
questions the authenticity of the document." Delaney v. Aurora Loan
Servicing, Inc., No. C 09-3131 VRW, 2009 WL 5062339, at *2 (N.D. Cal.
Dec. 23, 2009) (citing Branch v. Tunnell, 14 F.3d 449, 453-54 (9th
Cir. 1994)); see also Marder v. Lopez, 450 F.3d 445, 448 (9th Cir.
2006) (providing factors for when a court may "consider evidence on
which the complaint 'necessarily relies'").

A matter may be judicially noticed if it is either
"generally known within the territorial jurisdiction of the trial
court" or "capable of accurate and ready determination by resort to
sources whose accuracy cannot reasonably be questioned." Fed. R.
Evid. 201(b).

Wachovia requests that judicial notice be taken of: 1) its
Certificate of Corporate Existence dated April 21, 2006 issued by the
Office of Thrift Supervision, Department of the Treasury; 2) a letter
dated November 19, 2007 from the Office of Thrift Supervision,
Department of the Treasury; 3) Wachovia's charter dated December 31,
2007; and a letter dated November 1, 2009 from the Comptroller of the

Currency confirming Wachovia's conversion to a national bank with the name Wells Fargo Bank Southwest, National Association.  (Wachovia RJN Exs. A-C.)  Wachovia argues these documents are proper for judicial notice since they are copies of official acts or records of departments of the United States.  Wachovia further contends these documents show that Wachovia was a federal savings bank subject to HOLA, whose name was changed from World Savings to Wachovia on or about December 31, 2007, and that it is currently a division of Wells Fargo Bank, N.A.  Plaintiffs do not oppose Wachovia's request for judicial notice of these documents.

        "These documents are properly subject to judicial notice under Federal Rule of Evidence 201."  Ibarra v. Loan City, 09-CV-02228-IEG (POR), 2010 WL 415284, at *3 (S.D. Cal. Jan. 27, 2010) (finding judicial notice of documents related to defendant's status as an operating subsidiary of a federal savings association proper); see also Gens v. Wachovia Mortgage Corp., No. CV10-01073 JF (HRL), 2010 WL 1924777, at *2 (N.D. Cal. May 12, 2010) (taking judicial notice of a letter issued by the Office of Thrift Supervision confirming World Savings' request to change its name to Wachovia); Biggins v. Wells Fargo & Co., No. 09-01272, --- F.R.D. ----, 2009 WL 2246199, at *4 (N.D. Cal. July 27, 2009) (taking judicial notice of an order from the Office of Thrift Supervision).  Therefore, Wachovia's request that these documents be judicially noticed is granted.  Since Wachovia has shown that World Savings changed its name to Wachovia on or about December 31, 2007, Plaintiffs' allegations against World Savings will be construed as allegations against Wachovia.

        Wachovia also requests that four documents related to Plaintiffs' loan transaction be considered under the incorporation by

reference doctrine: 1) an adjustable rate mortgage note signed by Plaintiffs on April 12, 2005; 2) a deed of trust dated April 12, 2005, listing Plaintiffs as the borrower, and recorded with the official records for the county of San Joaquin on April 19, 2005; 3) federal truth-in-lending disclosure statements dated April 12, 2005 and signed by Plaintiffs; and 4) notices of right to cancel signed by Plaintiffs and dated April 12, 2005.  (Wachovia RJN Exs. E-G.) Plaintiff does not oppose Wachovia's request that these documents be considered under the incorporation by reference doctrine.

Since the deed of trust is a publicly recorded document, it may be judicially noticed.  See W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (1992) (taking judicial notice of documents in a county's public record, including deeds of trust).  The other three documents are referred to in Plaintiffs' first amended complaint, are central to Plaintiffs' claims, and the authenticity of these documents is not disputed.  Since these documents are incorporated into the complaint by reference, they may be considered in deciding Wachovia's dismissal motion.  See Marder, 450 F.3d at 448. Accordingly, Wachovia's request that these be considered is granted.

## II.  BACKGROUND

### A.  Plaintiffs' Allegations

Plaintiffs allege that in January 2005, Defendant Pamela Summers represented she was a loan officer for Defendant Pelletier Finance and solicited Plaintiffs to refinance the loan on Plaintiffs' residence, located at 1373 Evergreen Way in Tracy, California.  (First Amended Compl. ("FAC") ¶¶ 7, 33.)  Plaintiffs allege that Summers told them "she could get them the 'best deal' and the 'best interest rates'

available on the market." (Id. ¶ 34.)  Plaintiffs also allege that "Summers advised Plaintiffs that she could get them 100% financing for their residence [and] that their loan would be a fixed rate loan for 30 years." (Id. ¶ 35.)

Plaintiffs allege that on April 12, 2005, they obtained a $362,000 loan from World Savings. (Id. ¶ 43; RJN Ex. E.)  The terms of the loan are detailed in an adjustable rate mortgage note (the "Note"), which is secured by a deed of trust on Plaintiffs' property. (Id. ¶ 43; RJN Exs. E, F.)  Plaintiffs further allege that contrary to Summers' representations, she sold them "a loan with an adjustable rate rider that would negatively amortize[] up to 125%." (FAC ¶ 35.)

Plaintiffs also allege that they "were not given a copy of any of the loan documents prior to [the] closing as required" and "were only given a few minutes to sign the documents." (Id. ¶ 41.) Plaintiffs also allege that "when the loan was consummated, [they] did not receive the required documents and disclosures, including, but not limited to the TILA disclosure, and the required number of copies of the Notice of Right to Cancel stating the date that the rescission period expires." (Id. ¶ 52.)

### B.  Procedural Background

Plaintiffs filed their initial complaint in this federal court on October 14, 2009, alleging nine claims under federal and California law against five named defendants.  Defendants Jeffery Pelletier and Wachovia each filed dismissal motions on November 9 and 11, 2009, respectively.  These dismissal motions, however, were mooted when Plaintiffs filed their now operative, first amended complaint on December 4, 2009.  Plaintiffs' first amended complaint is the subject of Defendants' now pending dismissal motions.

                        **III.   DISCUSSION**

                    **A.   Wachovia's Dismissal Motion**

**1.   Federal Claims**

       **a.   Truth in Lending Act**

       Wachovia argues Plaintiffs' Truth in Lending Act ("TILA")
claims should be dismissed since Plaintiffs received the required
disclosures prior to the extension of credit and further, Plaintiffs'
TILA claims are time-barred by the applicable statute of limitations.
(Wachovia Mot. to Dismiss 8:9-10:23.)  Plaintiffs do not directly
respond to these arguments in their opposition, but rather, argue they
were "denied an adequate opportunity prior to signing the loan
documents [to] review the documents" and the statute of limitations
period should be equitably tolled or subject to equitable estoppel.
(Opp'n to Wachovia's Mot. to Dismiss 13:10-12.)

       **i.   TILA Damages Claim**

       TILA "requires creditors . . . provide borrowers with clear
and accurate disclosures of [the] terms [of their loan, including]
 . . . finance charges, annual percentage rates of interest, and the
borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412
(1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638)).  Failure to
satisfy TILA's disclosure requirements subjects a lender to "statutory
and actual damages traceable to a lender's failure to make the
requisite disclosures . . . ." Id. (citing 15 U.S.C. § 1640(e)).
TILA, however, imposes a one-year statute of limitations within which
a claim for damages "may be brought."  15 U.S.C. § 1640(e).  "[A]s a
general rule[,] [this] limitations period starts [to run] at the
consummation of the [loan] transaction." King v. California, 784 F.2d
910, 915 (9th Cir. 1986).  "Consummation" is defined under the statute

as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1009 (9th Cir. 2003) (quoting 12 C.F.R. § 226.2(a)(13)).

Plaintiffs became "contractually obligated on a credit transaction" on April 12, 2005, when they executed the Note. (FAC ¶ 43; RJN Ex. E.)  The statute of limitations for bringing their TILA damages claim, therefore, expired on April 12, 2006.  Plaintiffs, however, did not file their original complaint in this action until October 14, 2009.  Nonetheless, Plaintiffs argue the statute of limitations should be equitably tolled or subject to equitable estoppel "because [they] . . . did not have adequate opportunity to discover and appreciate the facts underlying their claim until the loan went into effect following the April[] 2005 signing." (Opp'n to Wachovia Mot. to Dismiss 13:10-12.)  Plaintiffs further argue they "had no reason to inspect the [loan] documents immediately following their closing", nor did they "know that there were laws created to protect them." (Id. 13:20-23.)

The doctrine of equitable tolling may "suspend the limitations period" "in certain circumstances." King, 784 F.3d at 915.  "Equitable tolling focuses on whether there was excusable delay by the plaintiff and may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." Huseman v. Icicle Seafoods, Inc., 471 F.3d 1116, 1120 (9th Cir. 2006) (quotations and citations omitted) (emphasis in original).  "Because the applicability of [equitable tolling] often depends upon matters outside the pleadings, it is not generally amendable to resolution on a Rule 12(b)(6) motion." Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir.

1995) (quotations and citation omitted).  However, when a plaintiff
fails to allege any facts demonstrating that the alleged TILA
violations could not have been discovered by due diligence during the
one-year statutory period, equitable tolling should not be applied and
dismissal at the pleading stage is appropriate.  See Meyer v.
Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) (dismissing
TILA claim, despite request for equitable tolling, because plaintiff
was in possession of all loan documents and did not allege any
concealment or other conduct that would have prevented discovery of
the alleged TILA violations during the one year limitations period).

Similarly, the doctrine of equitable estoppel may "halt[]
the statute of limitations when there is active conduct by a
defendant, above and beyond the wrongdoing upon which the plaintiff's
claim is filed, to prevent the plaintiff from suing in time."
Guerrero v. Gates, 442 F.3d 697, 706 (9th Cir. 2006); see also
Huseman, 471 F.3d at 1121 (stating that "[e]quitable estoppel . . .
focuses primarily on the actions of the defendant in preventing a
plaintiff from filing suit").  For equitable estoppel to apply, "[t]he
plaintiff must demonstrate that he relied on the defendant's
misconduct in failing to file in a timely manner and must plead with
particularity the facts" demonstrating the defendant's conduct.  Id.
at 706-07.

Plaintiffs allege Wachovia "violated TILA by":

> failing to provide required disclosures prior to
> consummation of the transaction as required by 15
> U.S.C. § 1638, fail[ing] to make required
> disclosures clearly and conspicuously in writing as
> required by 15 U.S.C. § 1632(a), 12 C.F.R §
> 226.5(a)(1), fail[ing] to timely deliver to
> Plaintiffs TILA notices as required by 15 U.S.C. §
> 1638(b), and fail[ing] to disclose all finance
> charge details, the annual percentage rate based

1  upon properly calculated and disclosed finance
   charges and amounts financed as defined by 15
2  U.S.C. § 1602(u).

3  (FAC ¶ 75.)  Plaintiffs further allege that "[t]he facts surrounding

4  [their] loan transaction were purposefully hidden to prevent

5  Plaintiffs from discovering the true nature of the transaction" and

6  "[t]he facts [alleged] were all discovered by the Plaintiffs within

7  the past year . . . ."  (FAC ¶ 66.)

8          These allegations are wholly insufficient to invoke either

9  the doctrine of equitable tolling or equitable estoppel.  The TILA

10 violations complained of occurred at or prior to the closing of

11 Plaintiffs' loan transaction in April 2005, over four years prior to

12 the commencement of this action.  Yet Plaintiffs fail to explain why

13 they were prevented from discovering Wachovia's alleged TILA

14 violations within the one year statutory period.  See Blanco v. Am.

15 Home Mortg. Servicing, Inc., No. CIV 2:09-578 WBS DAD, 2009 WL

16 4674904, at *3 (E.D. Cal. Dec. 4, 2009) (finding equitable tolling

17 inapplicable where plaintiff did not explain "what prevented her from

18 later reviewing the loan documents, which she admittedly was given at

19 closing").  "Nothing indicates that, at the time of the closing,

20 [P]laintiffs were unaware of the fact that they had been prevented

21 from reviewing [their loan] documents, or that [P]laintiffs were

22 somehow unable to bring a claim based on this purported wrongdoing.

23 Similarly, a failure to make disclosures does not itself prevent a

24 borrower from learning that the disclosures should have been made . .

25 . ."  Baldain v. Am. Home Mortgage Servicing, Inc., No. CIV S-09-0931

26 LKK/GGH, 2010 WL 56143, at *9 (E.D. Cal. Jan. 5, 2010).

27         Further, Plaintiffs' allegation that "[t]he facts

28 surrounding [their] loan transaction were purposefully hidden" from

them is conclusory and does not justify application of the doctrine of equitable estoppel.  Cf. Ayala v. World Savings Bank, FSB, 616 F. Supp. 2d 1007, 1019-20 (C.D. Cal. 2009) (finding plaintiffs had not alleged active conduct by defendant to invoke equitable estoppel). Neither Plaintiffs' first amended complaint nor their opposition brief describe any "active conduct" by Wachovia suggesting that Wachovia prevented Plaintiffs from filing their complaint within the limitations period.  Cf. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1052 (9th Cir. 2008) (stating that "[t]he primary problem with plaintiffs' argument is that their alleged basis for equitable estoppel is the same as their cause of action[;] [and, that] plaintiff must point to some fraudulent concealment, some active conduct by the defendant '*above and beyond* the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'") (emphasis in original).

Since Plaintiffs have not alleged sufficient facts to invoke either the doctrine of equitable tolling or equitable estoppel, their TILA damages claim is time-barred.  Further, Defendant Wachovia's initial dismissal motion notified Plaintiffs that their claim was barred by the statute of limitations and that their allegations concerning equitable tolling were insufficient.  However, Plaintiffs' first amended complaint includes the same deficient allegations. Moreover, Plaintiffs' opposition brief provides no basis for allowing amendment of Plaintiffs' equitable estoppel allegations.  Therefore, Plaintiffs' TILA damages claim is dismissed with prejudice.

**ii.  TILA Rescission Claim**

Plaintiffs also allege they "have a continuing right to rescind [their] loan . . . pursuant to 15 U.S.C. § 1635(a) and (f) and

12 C.F.R. § 226.23(b)(5)." Under 15 U.S.C. § 1635(a), a borrower has until midnight on the third business day following the consummation of the loan to rescind the transaction. A borrower's right to rescind the loan transaction, however, is extended to three years if the lender either fails to deliver to the borrower "all material disclosures" or "the notice of right to rescind." 12 C.F.R. §§ 226.23(a)(3), (b)(1). Nonetheless, a borrower's right to rescission "expire[s] three years after the date of the consummation of the transaction . . . ." 15 U.S.C. § 1635(f). This three-year limitations period "represents an absolute limitation on rescission actions [and] bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside of the three-year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002) (quotations and citation omitted).

Since Plaintiffs consummated their loan on April 12, 2005, the three-year statute of limitations period expired on April 12, 2008. Plaintiffs, however, did not file their initial complaint in this action until October 14, 2009. "Because [Plaintiffs] did not attempt to rescind . . . within the three-year limitation period, [their] right to rescind [has] expired" and the court lacks subject matter jurisdiction over their TILA rescission claim. Miguel, 309 F.3d at 1164-65. Therefore, Plaintiffs' TILA rescission claim is dismissed with prejudice.

### b.   Real Estate Settlement Procedures Act

Wachovia further argues Plaintiffs' Real Estate Settlement Procedures Act ("RESPA") claims should be dismissed. Specifically,

Wachovia contends Plaintiffs have not sufficiently pled a violation of RESPA; their claim under 12 U.S.C. § 2607 is barred by the one-year statute of limitations; and Plaintiffs failed to allege actual damages. (Wachovia Mot. to Dismiss 15:3-16:12.)  Plaintiffs rejoin that "as a result of Defendant Wachovia's [RESPA violation,] . . . Plaintiffs suffered and continue to suffer damages and costs of suit." (Opp'n to Wachovia Mot. to Dismiss 20:17-20.)  Further, Plaintiffs argue that any applicable statute of limitations period should be equitably tolled.  (Id. 19:23-25.)

Plaintiffs allege Wachovia violated various provisions of 12 U.S.C. § 2605 by failing to provide Plaintiffs with notice of the assignment, sale or transfer of the servicing rights to Plaintiffs' loan and by failing to provide a proper response to a qualified written request sent by Plaintiffs.  (FAC ¶¶ 97-99, 101-103.) Plaintiffs also allege Wachovia violated "12 U.S.C. § 2607 by receiving 'kickbacks' or referral fees disproportional to the work performed."  (Id. ¶ 100.)  Plaintiffs further allege as a result of Wachovia's RESPA violations, Plaintiffs "have suffered and continue to suffer damages and costs of suit."  (Id. ¶ 104.)

> ### i.   Section 2605 Claims

Section 2605(f) imposes liability on loan servicers for actual and statutory damages for any failure to comply with the requirements of section 2605.  12 U.S.C. § 2605(f).  Specifically, section 2605(f) provides:

> Whoever fails to comply with any provision of [section 2605] shall be liable to the borrower for each such failure to the following amounts . . . . In the case of any action by an individual, an amount equal to the sum of – (A) any actual damages to the borrower as a result of the failure; and (B) any additional damages, as the court may allow, in

the case of a pattern or practice of noncompliance
with the requirements of this section, in an amount
not to exceed $1,000.

12 U.S.C. § 2605(f)(1)(A),(B).  While section 2605(f)(1)(A) "does not

explicitly make a showing of damages part of the pleading standard, a

number of courts have read the statute as requiring a showing of

pecuniary damages in order to state a claim [for actual damages under

section 2605 of RESPA]."  Pok v. Am. Home Mortgage Servicing, Inc.,

No. CIV 2:09-2385 WBS EFB, 2010 WL 476674, at *5 (E.D. Cal. Feb. 3,

2010) (quoting Allen v. United Fin. Mortgage Corp., No. 09-2507 SC,

2009 WL 2984170, at *5 (N.D. Cal. Sept. 15, 2009)).  "[A]lleging a

breach of RESPA duties alone does not state a claim . . . .

Plaintiff[s] must, at a minimum, also allege that the breach resulted

in actual damages."  Id. (quoting and citing Hutchinson v. Del. Sav.

Bank FSB, 410 F. Supp. 2d 374, 383 (D.N.J. 2006)); see also Lal v. Am.

Home Servicing, Inc., 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010)

(finding that plaintiff alleging a RESPA claim under section 2605 must

allege a loss related to the alleged violation); Allen, 660 F. Supp.

2d at 1097 (requiring plaintiff to allege pecuniary loss to state a

RESPA claim for actual damages); Singh v. Washington Mut. Bank, No. C-

09-2771 MMC, 2009 WL 2588885, at *5 (N.D. Cal. Aug. 19, 2009)

(dismissing RESPA claim since "plaintiffs have failed to allege they

suffered any actual damages as a result" of defendants' alleged RESPA

violation).  This pleading requirement, however, is interpreted

liberally.  Yulaeva v. Greenpoint Mortgage Funding, Inc., No. CIV S-

09-1504 LKK/KJM, 2009 WL 2880393, at *15 (E.D. Cal. Sept. 3, 2009).

Nonetheless, "simply having to file suit [does not suffice] as a harm

warranting actual damages.  If such were the case, every RESPA suit

would inherently have a claim for damages built in." <u>Lal</u>, 680 F. Supp. 2d at 1223.

Plaintiffs merely allege that as a result of Wachovia's alleged RESPA violations, they "have suffered and continue to suffer damages and costs of suit." (FAC ¶ 104.) "Even under a liberal pleading standard for harm, this level of generality fails." <u>Pok</u>, 2010 WL 476674, at *5 (finding same allegation of harm insufficient to state a section 2605 claim for actual damages); <u>see also</u> <u>Lal</u>, 680 F. Supp. 2d at 1223 (stating that "simply having to file suit [does not] suffice" to state a section 2605 claim for actual damages).

Wachovia's initial dismissal motion alerted Plaintiffs to this defect in their section 2605 claim. However, Plaintiffs' first amended complaint includes the same deficient allegation. Therefore, allowing amendment would be futile and Plaintiffs' section 2605 claim is dismissed with prejudice.

### ii.  Section 2607 Claim

Section 2614 provides that a claim for a violation of section 2607 "may be brought . . . [within] 1 year . . . from the date of the occurrence of the violation . . . ." 12 U.S.C. § 2614. "The primary ill that § 2607 is designed to remedy is the potential for unnecessarily high settlement charges, . . . caused by kickbacks, fee-splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the tainted service, typically at the closing." <u>Jensen v. Quality Loan Serv. Corp.</u>, No. 09-CV-01789 OWW-DLB, --- F. Supp. 2d ---, 2010 WL 1136005, at *10 (E.D. Cal. Mar. 22, 2010) (quoting <u>Snow v. First Am. Title Ins. Co.</u>, 332 F.3d 356, 359-60 (5th Cir. 2003)). Therefore, "[b]arring extenuating circumstances, the date of the

occurrence of the violation is the date on which the loan closed."
_Ayala_, 616 F. Supp. 2d at 1020 (quoting _Bloom v. Martin_, 865 F. Supp.
1386-87 (N.D. Cal. 1994), _aff'd by_, 77 F.3d 318 (9th Cir. 1996)); _see also Jensen_, 2010 WL 1136005, at *10 (stating that "courts have considered the 'occurrence of the violation' as the date the loan closed."); _Finley v. LaSalle Bank Nat. Ass'n_, No. C 09-2965 SI, 2009 WL 3401453, at *2 n.3 (N.D. Cal. Oct. 20, 2009) (noting that the one-year statute of limitations period for a section 2607 claim began to run when plaintiff signed loan documents).

Plaintiffs executed their Note on April 12, 2005.  (RJN Ex. E.)  Therefore, the one-year statute of limitations expired on April 12, 2006.  However, Plaintiffs did not file their original complaint in this action until October 14, 2009.  Plaintiffs argue in their opposition brief that the doctrine of equitable tolling should apply to their RESPA claim.  However, neither Plaintiffs' complaint nor their opposition brief explain why Plaintiffs could not have discovered, with due diligence, Wachovia's alleged violation of section 2607 within the one-year statutory period.  Plaintiffs, therefore, have not shown that the doctrine of equitable tolling applies to their section 2607 claim.

Wachovia's initial dismissal motion alerted Plaintiffs to this defect in their section 2607 claim, yet Plaintiffs' first amended complaint includes the same deficient allegation.  Since Plaintiffs have already been provided with the opportunity to amend this claim once and were unable to cure the deficiencies identified, Plaintiffs' section 2607 claim is dismissed with prejudice.

///

///

17

**B.   Supplemental Jurisdiction Over Plaintiffs' State Law Claims**

Since Plaintiffs' federal TILA and RESPA claims have been dismissed, only state claims remain pending.  Plaintiffs allege in both their original and first amended complaint that federal jurisdiction is premised upon federal questions and that supplemental jurisdiction exists over Plaintiffs' state claims.  The court, therefore, may <u>sua</u> <u>sponte</u> decide whether to continue exercising supplemental jurisdiction over Plaintiffs' remaining state claims.  <u>See</u> <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 n.3 (9th Cir. 1997) (en banc) (suggesting that a district court may, but need not, <u>sua</u> <u>sponte</u> decide whether to continue exercising supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) once all federal law claims have been dismissed).

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state law] claim" when "all claims over which it has original jurisdiction" have been dismissed.  This decision should be informed by the values of economy, convenience, fairness and comity as delineated by the Supreme Court in <u>United Mine Workers of Am. v. Gibbs</u>, 383 U.S. 715, 726 (1996).  <u>Acri</u>, 114 F.3d at 1001.  Further, "[t]he district court should consider the progress of the litigation when determining whether to decline continued supplemental jurisdiction over claims arising under state law.  The nascency of a lawsuit weighs in favor of [declining supplemental jurisdiction]."  <u>Marques v. Washington Mut. Bank</u>, No. SACV 09-1067 DOC (RNBx), 2010 WL 1627080, at *1 (C.D. Cal. Apr. 20, 2010) (citing <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 352 (1988) & <u>Harrell v. 20th Century Ins. Co.</u>, 934 F.2d 203, 205 (9th Cir. 1991)).

Since this lawsuit has not proceeded past the pleading stage, "continued exercise of supplemental jurisdiction over the state law claims serves no efficiency interest." Marques, 2010 WL 162707, at *2.  Further, comity weighs in favor of declining supplemental jurisdiction since state courts have the primary responsibility for developing and applying state law, and Wachovia's defense under HOLA need not be decided by a federal court.  See Curiel v. Barclays Capital Real Estate Inc., No. S-09-3074 FCD/KJM, 2010 WL 729499, at *1 (E.D. Cal. Mar. 2, 2010) (stating "primary responsibility for developing and applying state law rests with the state courts" and declining to exercise supplemental jurisdiction after dismissal of the federal claims); Bartolome v. Homefield Fin., Inc., No. CV 09-7258 AHM AJX, 2009 WL 4907050, at *2 (C.D. Cal. Dec. 11, 2009)) (declining supplemental jurisdiction over state law claims despite defendant's argument that certain state law claims were preempted by HOLA). Therefore, the Gibbs values weigh in favor of declining the exercise of supplemental jurisdiction over Plaintiffs' state claims and these claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

### IV.   CONCLUSION

For the reasons stated above, Plaintiffs' TILA and RESPA claims are dismissed with prejudice and Plaintiffs' remaining state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).  This action shall be closed.

Dated:  June 10, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge